21 F.3d 1111
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thesolonia BAKER, Plaintiff-Appellant,
v.
Charles D. MARSHALL; H.A. Ripptoe, Defendants-Appellees.
 No. 93-15698.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 25, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thesolonia Baker, a California state prisoner, appeals pro se the district court's summary judgment in favor of the defendants in his 42 U.S.C. Sec. 1983 action. Baker contends that his constitutional rights to due process and equal protection were violated by placement in administrative segregation at the Pelican Bay State Prison on the ground that he is affiliated with a prison gang. We review de novo the district court's grant of summary judgment. Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). We affirm.
 
 
 3
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); List, 880 F.2d at 1044. To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); List, 880 F.2d at 1045. The party opposing summary judgment cannot rest on conclusory allegations but must set forth specific facts showing that there is a genuine issue for trial. Leer v. Murphy, 844 F.2d 628, 631 (9th Cir.1988).
 
 
 4
 California has created a liberty interest in freedom from administrative segregation. See Toussaint v. McCarthy, 801 F.2d 1080, 1098 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987). An inmate may be segregated from the general prison population when prison officials reasonably believe he threatens the security of the prison. See id. at 1100-01. Prison administrators need only provide the inmate with an informal adversarial hearing within a reasonable time, advise the inmate of the reason for segregation and allow the inmate to present his views. Id. Due process does not require prison authorities to hold a hearing before the inmate is actually segregated or to disclose the identity of persons providing the information relied on. Id. Some evidence in the record is enough to support the prison official's decision to segregate an inmate. Id. at 1104. There must be some indicia of reliability for the evidence cited by prison authorities to support prison disciplinary action. See Zimerlee v. Keeney, 831 F.2d 183, 186 (9th Cir.1987), cert. denied, 487 U.S. 1207 (1988); Cato v. Rushen, 824 F.2d 703, 705 (9th Cir.1987).
 
 
 5
 Baker claims that the evidence used to segregate him, specifically a memorandum indicating that he was a BGF (Black Guerilla Family) gang member, is unreliable. This memo indicated that Baker had been seen in the yard with BGF members on August 5, 1988. Baker claimed that "new evidence" would prove the memo unreliable. Baker's new evidence was a memorandum stating that Baker was not released from administrative segregation at Folsom until August 7, 1988. Thus, Baker asserts that the memorandum is wrong, because he could not have been in the yard with BGF members on August 5.
 
 
 6
 Title 15 Sec. 3341.5(c)(2)(A) of the California Administrative Code provides that an inmate shall be reviewed by a classification committee at least every 180 days for consideration of release to the general inmate population. On February 4, 1992, the district court ordered the California Attorney General to file a "Special Report" to address Baker's new evidence. The district court, reviewing the Special Report, concluded that Baker's segregation was supported by sufficient evidence. As the district court found, notwithstanding Baker's challenge to the memo, numerous other sources of information, all reliable, demonstrate Baker's continued association with the BGF. Therefore, some evidence in the record supports the prison official's decision to segregate Baker. See Toussaint, 801 F.2d at 1104.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Baker's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Baker has been advised that if he participates in a debriefing session in which he disavows his gang affiliation, he will be allowed to return to the general inmate population. On appeal, Baker asserts that debriefing would endanger his safety, and that such a requirement violates his constitutional rights. First, Baker is not being forced to debrief. Second, this issue was not raised before the district court. Accordingly, there was no genuine issue of fact for trial on the record before the district court. See Celotex, 477 U.S. at 322; List, 880 F.2d at 1045 (to defeat a summary judgment, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial)